IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| IN THE MATTER OF AN APPLICATION FOR A CRIMINAL COMPLAINT | Case No. 25- 609 (m) |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jonathan Haber, being duly sworn, hereby depose and state as follows:

## I. INTRODUCTION AND EXPERIENCE

1. Affiant is a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18 U.S. Code § 111(b) Resisting and Assaulting a federal officer through the use of a dangerous weapon.

2. I am a Special Agent with the Federal Bureau of Investigation.  I am a "federal Law Enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41 of the Federal Rules of Criminal Procedure, that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am currently assigned to the Aguadilla Resident Agency of the San Juan Field Office, to work a variety of criminal and national security matters, including the investigation of violent crimes and gangs, public corruption, criminal enterprises, drug trafficking organizations, among others. Through my training and experience, I have become familiar with organized criminal activities, as well as the manners in which illegal drugs are imported, distributed, and sold, as well as the methods used by drug dealers to disguise the source and nature of their profits.

3. The facts set forth in this affidavit are based upon my personal knowledge, knowledge obtained during my participation in this investigation, knowledge obtained from other investigators, my and other investigators' review of documents in relation to this investigation, communications with others, including individuals involved in the offenses under investigation, who have

personal knowledge of the events and circumstances described herein, and information gained through your affiant's training and experience. To the extent that this affidavit contains statements made by witnesses, those statements are set forth only in part and in substance and are intended to accurately convey the information, but not to be verbatim recitations, unless indicated otherwise. This affidavit is submitted for the limited purpose of establishing probable cause in support of this application for a criminal complaint, and thus it does not contain every fact known to me or the United States.

4. This affidavit is made in support of a criminal complaint charging BERNIS DIAZ DE LA CRUZ (hereinafter DIAZ DE LA CRUZ), with the following violations: 18 U.S.C. § 111(a) (obstructing and resisting a federal officer) and § 111(b) (Assaulting a federal officer through the use of a dangerous weapon).

## II. STATEMENT OF PROBABLE CAUSE BASED ON FEDERAL OR LOCAL INTERVIEWS WITH POLICE

5. On June 25, 2025, U.S. Customs and Border Protection (CBP) Agents in uniform were patrolling in the vicinity of Las Monjas ward in Hato Rey, Puerto Rico, in an effort to conduct consensual encounters.

6. The CBP agents were transiting in three unmarked vehicles through a narrow road when they came across a cement truck that was blocking the path and preventing their vehicles to progress. As a result, the CBP agents decided to enter a side street that led them to an open gate area where they could turn around.

7. CBP agents were in a tinted Ford F150 pick-up when they crossed the open gate, they observed a black Hyundai Elantra parked near a tree with two individuals inside. When the CBP agents drove closer to the Hyundai Elantra the CBP agents smelled what appeared, based on their training and experience, to be marijuana. Additionally, when the CBP agents were driving closer to the parked vehicle, the driver side window was partially opened, allowing the officers an unobstructed view inside the vehicle.



8.  The officers observed the two individuals smoking what appeared to be illegal narcotics.

9.  As a result of the marijuana smell and the sight of the two individuals smoking, the CBP agents decided (at approximately 1:20 pm) to intervene with the two individuals in the Hyundai Elantra. The CBP agents stopped their vehicle near the Hyundai Elantra and three CBP agents in the unmarked F150 exited the vehicle and walked towards the car and the two individuals.

10. The CBP agents were wearing their uniforms, duty issued protective vest, firearm, and face masks. They approached the vehicle (one from each side and the third one from the front of the vehicle) and started to say hello when DIAZ DE LA CRUZ rapidly started to change gears in the vehicle to drive.

11. DIAZ DE LA CRUZ was in the driver side of the parked vehicle. One of the CBP agents partially opened the driver-side door during the encounter for DIAZ DE LA CRUZ to step out.



12. Another CBP agent walked in the front of the vehicle, within DIAZ DE LA CRUZ'S line of sight:



13. Then, DIAZ DE LA CRUZ pulled the door closed and accelerated the car towards the agent in front:



14. The car sped off quickly, nearly striking the CBP agent who managed to get out of the way to avoid being hit.





15. Shortly afterwards, DIAZ DE LA CRUZ collided with a second CBP vehicle transiting behind the F150 that was part of the convoy patrolling the area.



16. The CBP agents ran behind the Hyundai Elantra and two of the CBP officers detained the passenger. The other CBP agent ran after DIAZ DE LA CRUZ, who exited the vehicle and ran from the scene.  He was detained by another CBP officer who was in a third CBP vehicle.

17. Both individuals were placed in a CBP vehicle and transported to the Aguadilla CBP office.

18. DIAZ DE LA CRUZ is a citizen of the Dominican Republic and does not have legal status authorizing him to be present in the United States. He has been in Puerto Rico since approximately 2019. He was administratively detained pending deportation proceedings.

### III. CONCLUSION

19. Based on the above facts, I respectfully submit that there is probable cause to believe that DIAZ DE LA CRUZ, violated 18 U.S. C.  § 111(a), obstructing and resisting a federal officer, and § 111(b) Assaulting a federal officer through the use of a dangerous weapon (a motor vehicle).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
Jonathan Haber
Special Agent
Federal Bureau of Investigation

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at _11:08 a.m._ a.m./p.m. in San Juan, Puerto Rico, on June 28, 2025.

_____
**Héctor Ramos-Vega**
United States Magistrate Judge
District of Puerto Rico